IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


ROBERT OLDFIELD,              )
                               )
        Plaintiff,          )
                               )
v.                           )      No.  2:06-cv-235
                               )
TENNESSEE DEPARTMENT OF    )
CORRECTIONS, COMMISSIONER    )
GEORGE LITTLE, NORTHEAST     )
CORRECTIONAL COMPLEX, and    )
WARDEN HOWARD CARLTON,     )
                               )
        Defendants.     )


## MEMORANDUM OPINION


This civil action is before the court on the defendants' motion to

dismiss the complaint [doc. 2]. The plaintiff has responded [doc. 12], and the

motion is ripe for the court's consideration. For the reasons discussed below, the

motion will be denied in part and granted in part.

On a motion to dismiss alleging a failure to state a claim (Fed. R.

Civ. P. 12(b)(6)), the court

> must construe the complaint in a light most favorable to
> the plaintiff, accept all of the factual allegations as true,
> and determine whether the plaintiff undoubtedly can
> prove no set of facts in support of his claims that would
> entitle him to relief. . . When an allegation is capable of
> more than one inference, it must be construed in the

> plaintiff's favor. . . Hence, a judge may not grant a Rule
> 12(b)(6) motion based on a disbelief of a complaint's
> factual allegations.

*Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)

(citations omitted).

The defendants' first argument for dismissal relates to whether the

plaintiff has failed to adequately plead and show exhaustion of administrative

remedies. At the time the defendants filed their motion, the Sixth Circuit required

a prisoner-plaintiff to attach documentation to the complaint to prove that he had

fully exhausted his administrative remedies on all his claims. *See, e.g.*, *Bey v.*

*Johnson*, 407 F.3d 801, 805 (6th Cir. 2005). Subsequent to filing the motion to

dismiss, however, the United States Supreme Court issued its ruling in *Jones v.*

*Bock*, 127 S. Ct. 910 (2007), and reversed this Sixth Circuit precedent. The

Supreme Court held "that failure to exhaust is an affirmative defense under the

PLRA [Prison Litigation Reform Act], and that inmates are not required to

specifically plead or demonstrate exhaustion in their complaints." *Id.* at 921.

Based on the Supreme Court's ruling in *Jones*, the defendants' motion to dismiss

on this basis must be denied.

The defendants' second argument, however, requires dismissal of

the complaint. The defendant argues that the state entities and individuals sued

in their official capacities have immunity from suit under the Eleventh Amendment

and that the state is not a "person" subject to suit under 42 U.S.C. § 1983. The

Supreme Court has held that "a suit by private parties seeking to impose a liability

which must be paid from public funds in the state treasury is barred by the

Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). "Section

1983 provides a federal forum to remedy many deprivations of civil liberties, but it

does not provide a federal forum for litigants who seek a remedy against a State

for alleged deprivations of civil liberties. The Eleventh Amendment bars such

suits unless the State has waived its immunity." *Will v. Mich. Dept. of State

Police*, 491 U.S. 58*,* 66 (1989). In this case, the plaintiff has sued two state

entities – the Tennessee Department of Corrections and the Northeast

Correctional Complex. As agencies of the State of Tennessee, these two

defendants are immune from a § 1983 action in federal court. *See Alabama v.

Pugh*, 438 U.S. 781, 782 (1978) ("suit against a State and its Board of

Corrections is barred by the Eleventh Amendment"). Likewise, the two individual

defendants, sued in their official capacities, are also immune from suit.[1] *See

Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an

individual in his official capacity is the equivalent of a suit against the

governmental entity."). Furthermore, the State of Tennessee has not consented

to be sued. *See Berndt v. Tenn.*, 796 F.2d 879, 881 (6th Cir. 1986). Thus, the

---

[1] The complaint in this case does not specifically declare that the individual defendants are being sued in their official capacities, but the allegations against these two individuals relate to their implementation or failure to properly implement state correctional procedures. The court finds that the complaint does not fairly alert defendants Little and Carlton that they might be liable for any damages individually. *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001).

Eleventh Amendment to the United States Constitution bars suit against the defendant state agencies and individuals sued in their official capacities. Finally, the Supreme Court also has held that a state is not a "person" subject to suit under § 1983. *See Will*, 491 U.S. at 64.

Therefore, the defendants' Eleventh Amendment argument that the complaint should be dismissed is well taken, and the defendants' motion to dismiss will be granted. An order reflecting this opinion will be entered.

ENTER:

_____*s/ Leon Jordan*_____
United States District Judge